**James COLE, Plaintiff,**

**v.**

**CRST, INC. et al., Defendants.**

**EDCV 08–1570–VAP (SPx)**

United States District Court, C.D. California, Eastern Division.

Signed December 15, 2015

Gregg Lander, Kevin T. Barnes, Law Offices of Kevin T. Barnes, Los Angeles, CA, Gregory E. Mauro, James R. Hawkins, James Hawkins APLC, Irvine, CA, R. Jay Taylor, Jr., Scopelitis Garvin Light Hanson and Feary PC, Indianapolis, IN, Sean Sasan Vahdat, Sean Sasan Vahdat & Associates, Irvine, CA, for Plaintiff.

James H. Hanson, R. Jay Taylor, Jr., Scopelitis Garvin Light Hanson and Feary PC, Indianapolis, IN, for Defendants.

## Order Denying Plaintiff's Motion for Partial Summary Judgment

Virginia A. Phillips, United States District Judge

On November 6, 2015, Plaintiff James Cole ("Plaintiff") filed a motion for partial summary judgment ("Motion" (Doc. No. 162).) After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced at the Motion hearing, the Court DENIES the Motion.

### I. BACKGROUND

This action arises out of the compensation system of Defendant CRST Van Expedited, Inc. ("CRST" or "Defendant"), a motor carrier that transports freight to customers in the United States, Canada, and Mexico. CRST employs truck drivers to transport dry freight in vehicles owned by Defendant. CRST is based in Cedar Rapids, Iowa, and operates terminals across the United States, including in Fontana, California. (Declaration of Michael Gannon ("Gannon Decl."), Ex. G ¶ 2.) Plaintiff alleges that Defendant uses a uniform compensation system to pay Plaintiff and a putative class of nearly 4,200 current and former California-based truck drivers.

On October 6, 2008, Plaintiff filed a putative class action in California Superior Court for the County of San Bernardino. On November 5, 2008, Defendant removed the action to this Court. (Doc. No. 1.) On January 20, 2010, Plaintiff filed a Second Amended Complaint ("SAC") alleging Defendant failed to provide rest and meal breaks, compensation, and timely wages among other things. (Doc. No. 56.) On August 5, 2010, the Court granted Plaintiff's motion to certify the class. In the Certification Order, the Court certified five subclasses. (Doc. No. 86.)

On December 2, 2010, the Court stayed the case pending a decision in *Brinker Rest. Corp. v. Superior Ct.*, 165 Cal. App.4th 25, 80 Cal.Rptr.3d 781 (2008), *rev. granted*, 85 Cal.Rptr.3d 688, 196 P.3d 216. (Doc. No. 98.) On April 12, 2012, the California Supreme Court announced its decision in *Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 139 Cal.Rptr.3d 315, 273 P.3d 513 (2012). Pursuant to the stay order, the stay was lifted on that same day.

On September 27, 2012, the Court issued a minute order (1) granting Defendant's motion for judgment on the pleadings, in part; (2) granting Defendant's motion for decertification, in part; and (3) denying Plaintiff's motion for order to mail class notice. (*See* Decertification Order (Doc. No. 125) at 1–2.)

On November 26, 2012, Defendant filed a motion to (1) enter judgment against Plaintiff on all claims derivative of his rest and meal break claims and (2) decertify Plaintiff's late wage payment penalty and itemized wage statement claims. (Doc. No. 128.) On March, 5 2013, the Court granted Defendant's motion. (Doc. No. 138.) Plaintiff appealed the order and class decertification, and filed a motion to enter partial judgement pursuant to Rule 54(b). The Court granted Plaintiff's motion on September 25, 2013. (Doc. No. 147.)

The Ninth Circuit reversed this Court's order entering judgement against Plaintiff's rest and meal break claims in a memorandum issued on April 14, 2015, and remanded the action for further proceedings. (Doc. No. 149.) The mandate of the Ninth Circuit took effect on May 8, 2015. (Doc. No. 153.) A status conference was held on June 15, 2015. (Doc. No. 154.)

## II. LEGAL STANDARD

A motion for summary judgment or summary adjudication shall be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

Generally, the burden is on the moving party to demonstrate that it is entitled to summary judgment. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998); *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.*, 707 F.2d 1030, 1033 (9th Cir.1983). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes dem-onstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Where the moving party has the burden at trial, "that party must support its motion with credible evidence .... that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331, 106 S.Ct. 2548. The burden then shifts to the non-moving party" and requires that party ... to produce evidentiary materials that demonstrate the existence of a 'genuine issue' for trial." *Id.*; *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505; Fed.R.Civ.P. 56(c).

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. In ruling on a motion for summary judgment, a court construes the evidence in the light most favorable to the non-moving party. *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir.1991); *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

## III. FACTS

To the extent certain facts, or conclusions, are not mentioned in this Order, the Court has not relied on them in reaching its decision. The Court has considered the admissibility of the evidence underlying both parties' Statement of Uncontroverted Facts and has not considered facts that are irrelevant or based upon inadmissible evidence.

### A. Uncontroverted Facts

The following material facts are supported adequately by admissible evidence and are uncontroverted. They are "admitted to exist without controversy" for the purposes of this Motion. *See* L.R. 56–3.

, Defendant CRST Van Expedited, Inc. operates a trucking company and employed about 4,200 California drivers during the class period of October 6, 2004, to the present. (Hawkins Decl. Ex. 9, Def.'s Response to Special Interrogatories at 4:9–14.) Defendant pays its drivers on a piece rate (per mile) basis. (Hawkins Decl. Ex. 7, Szymanek Dep. at 11:13–14:2.) After a trip is completed, Defendant calculates the driver's pay based on miles completed.[1] (Szymanek Dep. at 46:15–25.) Drivers are instructed and expected to calculate trips according to the average trip speed standard of 50 miles per hour and are able to add "buffer time" for unexpected activities. (Hawkins Decl. Ex. 8, Haffenden Dep. at 49:9–22; Ex. A–2, Haffenden Dep. at 39:10–17.) The standard serves as a guide for trip planning purposes and does not represent the miles Defendant expects each driver to complete per hour. (Ex. A–2, Haffenden Dep. at 61:2–14.)

This activity-based payment method is intended to cover all the hours a driver works including time spent opening and closing doors, securing the load, and doing a count. (Id. at 17:7–13; 201:10–21:10.) In order to ensure that they are paid for the loads they have driven in a given time period, drivers are required to submit trip sheets. (Szymanek Dep. at 42:3–11; Haffenden Dep. at 58:22–59:14.)

Occasionally, drivers are paid flat rates for some activities like breakdowns, physical loading and unloading, and extra stops. (Id. at 31:1233:21.) Drivers are only paid hourly when delayed for over two hours at a stop, in which case they are paid $6.25 per hour starting at the third hour of delay. (Id. at 27:12–28:14.)

Drivers communicate with Defendant through Qualcomm, a text communication system, which also tracks mileage, but not rest or meal breaks. (Kopecky Dep. at 38:4–6, 18–23, 93:8–12.) Unless a rest or meal break would affect a driver's scheduled arrival time, drivers are not required or expected to notify dispatch about rest or meal breaks. (Id. at 46:19–47:2, 36:21–37:5.) Defendant does not require its drivers to take rest or meal breaks (Hawkins Decl. Ex. 6, Kopecky Dep. at 85:13–86:13), does not track rest or meal breaks on its payroll statements (Hawkins Decl. Ex. 3, Payroll Statement Exemplar), and has never paid a premium for missed rest or meal breaks. (Szymanek Dep. at 40:20–41:2.) Defendant encourages drivers to take a 15–minute break after five hours of work, but does not limit the number or frequency of breaks. (Ex. A–4, Dixon Dep. at 128:25–129:2; Ex. A–7, Cole Dep. at 206:19–24; Ex. A–5, Long Dep. at 133:3–21.)

Drivers are instructed on how to account for break time on their driver logs, but the logs prepared by drivers do not show all breaks taken and missed because drivers do not always change their duty status to reflect breaks they take. (Ex. A, Clemmons Dep. at 102; Long Dep. at 142–143; Kopecky Dep. at 78–79, 95, 105.) Defendants notified drivers who operated out of the Fontana terminal of California's rest and meal break rules by posting those rules at the terminal. (Ex. A–3, Kopecky Dep. at 49:22–52:22, 99:4–1–1:13.) Defendant informs drivers of the importance of taking breaks to rest, sleep, eat, and attend to personal business and never told drivers not to take breaks. (Ex. A–4, Dixon Dep. at 128:25–129:2; Ex. A–7, Cole

---

1. Defendant disputes, but does not controvert this fact. Defendant clarifies that its personnel determine the number of miles likely to be driven to transport the load using estimates generated by the industry-standard Rand McNally Mile Maker mileage calculation software. (Taylor Decl. Ex. A–1, Szymanek Dep. at 10:13–13:18).

Dep. at 206:19–24; Ex. A–5, Long Dep. at 133:3–21.) A number of drivers acknowledge that they take rest and meal breaks when needed, usually every four to five hours, including Plaintiff. (Ex. A–8, Berger Dep. at 42:243:24, 57:22–58:8, 73:25–74:6, 92:22–95:7; Ex. A–6, Clemmons Dep. at 47:849:13, 102:10–23, 116:8–13; Ex. A–9, 74:2–10, 74:11–25, 75:1–11; 76:17–22, 80:23–25. 81:1–6, 8–20; Ex. A–4, Dixon Dep. at 44:5–10, 46:14–25, 47:2–3, 60–62, 84:10–14; Ex. A–5, Long Dep. at 49:1–50:22; Ex. A–7, Cole Dep. at 207:9–25, 208:8–15; 216:6–9, 217:9–19, 238:16–18.)

### B. Disputed Facts

The parties dispute (1) whether Defendant has policies regarding rest and meal breaks, and (2) whether drivers can document when or whether they took meal periods or rest breaks on the trip sheet.[2]

## IV. DISCUSSION

### A. Rest and Meal Break Policies

■ Plaintiff contends that Defendant violates California Labor Code § 226.7 by not authorizing or permitting its employees to take rest and meal breaks. (Mot. at 1.) In *Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 139 Cal.Rptr.3d 315, 273 P.3d 513 (2012), the California Supreme Court articulated employers' obligations with respect to rest and meal breaks. Under the *Brinker* analysis, an employer satisfies its obligation when it "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute break, and does not impede or discourage them from doing so." *Id.* at 1040, 139 Cal. Rptr.3d 315, 273 P.3d 513. According to *Brinker*, an employer is not obligated to

police or ensure that that rest and meal breaks are taken, rather the employer must not prevent employees from taking rest or meal breaks. *Id.* Moreover, the *Brinker* Court made clear that employers could satisfy this obligation in different ways and that it did not need to delineate every instance of compliance. *Id.*

■ Plaintiff misstates the appropriate standard when he says that Defendant violates California's meal and rest break rules by failing to adopt a break policy consistent with California law. Defendant's only affirmative obligation is to notify its drivers of California's rest and meal break rules. *See* Cal. Labor Code § 1183(d); *Perez v. Safety–Kleen Sys., Inc.*, 253 F.R.D. 508, 515 (N.D.Cal.2008). Defendant fulfilled this obligation by posting the relevant rules at its terminals. Moreover, while Defendant does encourage its drivers to take at least one 15 minute break after five hours of work, Defendant does not limit the number or frequency of rest or meal breaks. Accordingly, Plaintiff's argument that Defendant's lack of a specific rest and meal break policy violates Cal. Labor Code § 226.7 mischaracterizes both Defendant's procedures and its obligations under the law.

### B. Rest Break Violations

■ Plaintiff seeks summary judgment on his first claim in the SAC that Defendant failed to provide rest breaks and failed to provide premium pay for untaken breaks in violation of Cal. Labor Code § 226.7. (Mot. at 4–8.) In the Motion, however, Plaintiff argues a different claim specifically that Defendant's activity-based compensation system fails to pay drivers for rest break time. (*Id.* at 5.) This is a

---

2. Defendant includes a section within trip sheets titled "Remarks to Clarify To Payroll" in which the drivers can document meal or rest breaks.

different claim that the one alleged in the SAC. In the SAC, Plaintiff alleges that Defendant failed to "provide rest periods" and failed "to provide compensation for such *unprovided* rest periods" (emphasis added) (SAC ¶¶ 40), which is the only violation that would warrant premium pay, but in the motion, Plaintiff seeks summary judgment on the claim that Defendant failed to pay for rest breaks taken. These are two different claims, the latter of which was not pled in the SAC and cannot be raised now, for the first time, at summary judgement.

It is well-settled that the "issues on summary judgment are framed by the Complaint." *Rodriguez v. Countrywide Homes,* 668 F.Supp.2d 1239 (E.D.Cal. 2009). Since "the issues in the complaint guide the parties during discovery and put the defendant on notice of what evidence is necessary to defend against the allegations," courts routinely hold that "a plaintiff cannot oppose summary judgment based on a new theory of liability because it would essentially blindside the defendant with a new legal issue after the bulk of discovery has likely been completed." *Id.* at 1246 (citing *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292–1293 (9th Cir. 2000)); *see also Nichols v. Harris,* 17 F.Supp.3d 989 (C.D.Cal.2014) (noting that "[d]espite three opportunities to state his claim" plaintiff had failed to raise the theory he alleged in his motion for partial summary judgment and concluding "[a]ssertion of a new claim on summary judgment is improper").

Moreover, there are genuine issues of material fact as to whether Defendant fails to provide its drivers the opportunity to take rest breaks. Defendant has provided admissible evidence that it informs drivers of California rest and meal break rules, and a number of drivers, through deposition testimony, have acknowledged that they were able to and did take rest and meal breaks. At the motion hearing, Plaintiff argued that Defendant's lack of a specific rest break policy violates California Labor Code § 226.7. This argument fails because it is inconsistent with the holding in *Brinker,* which specifically states that an employer need not adopt a specific rest break policy in order to comply with California labor law. *See Brinker,* 53 Cal.4th at 1040, 139 Cal.Rptr.3d 315, 273 P.3d 513.

Accordingly, the Court DENIES summary judgment as it relates to Plaintiff's rest break claims.

## C. Meal Break Violations

Plaintiff contends that since Defendant did not record drivers' meal periods, the burden is on Defendant to rebut the presumption that it does not provide meal periods to drivers. Plaintiff relies on *Ricaldai v. U.S. Investigations Services, LLC,* 878 F.Supp.2d 1038 (C.D.Cal.2012), which interprets the concurrence in *Brinker* to argue that there is there is a rebuttable presumption that an employer did not provide meal periods where "there [was] no dispute that [the defendant] failed to record any meal periods." *Id.* at 1042.

Class actions "neither change Plaintiffs' separate entitlements to relief nor abridge defendants' rights; they alter only how the claims are processed." *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 408, 130 S.Ct. 1431, 176 L.Ed.2d 311, (2010). Since a class action cannot abridge, enlarge, or modify a substantive right, "a class cannot be certified on the premise that [a defendant] will not be able to litigate its statutory defenses." *Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 131 S.Ct. 2541, 2546, 180 L.Ed.2d 374 (2011). Here, it would inappropriate to presume that the entire

class was prevented from taking meal breaks when there is admissible evidence that a number of class members were able to and did take meal breaks. Plaintiff, as class representative, must meet the same burden of proof each individual class member would have to bear had the class members proceeded individually.

Since there is evidence that drivers could and did take meal breaks, there is a genuine issue of material fact as to whether Defendant provided meal breaks, thus making the presumption analysis moot. Even if the Court were to apply the presumption analysis, the Defendant has rebutted the presumption that its policies prevented drivers from taking meal breaks. Plaintiff has the burden at summary judgement and at trial, but does not provide any evidence that Defendant's system for trip planning prevented drivers from taking meal breaks. Hence, summary judgment is inappropriate because there are questions of fact unique to individual class members that should be resolved at trial.

Accordingly, the Court DENIES summary judgment as it relates to Plaintiff's meal break claims.

## V. CONCLUSION

For the reasons stated above, Plaintiff has failed to show that there are no genuine issues of material fact as to his rest and meal break claims. Accordingly, the Court DENIES Plaintiff's motion.

**IT IS SO ORDERED.**