Mickey Lee **DILTS, Ray Rios, and Donny Dushaj, on behalf of themselves and all others similarly situated,** Plaintiffs,

v.

**PENSKE LOGISTICS, LLC, Penske Truck Leasing Co., L.P., a Delaware corporation, and Does 1 through 125 inclusive, Defendant.**

Case No.: 3:08-CV-0318-CAB (BLM)

United States District Court,
S.D. California.

Signed May 17, 2016

James Jason Hill, Michael D. Singer, Cohelan, Khoury & Singer, San Diego, CA, for Plaintiffs.

Christopher C. McNatt, Jr., Pasadena, CA, Adam Carl Smedstad, Scopelitis, Garvin, Light, Hanson & Feary, P.C., Chicago, IL, James H. Hanson, R. Jay Taylor, Jr., Robert L. Browning, Scopelitis, Garvin, Light, Hanson & Feary, PC, Indianapolis, IN, for Defendants.

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Hon. Cathy Ann Bencivengo, United States District Judge

Before the Court is Plaintiffs' Motion for Partial Summary Judgment of their class claim for failure to provide meal breaks. [Doc. No. 335.] Plaintiffs contend that Penske did not have a meal break policy compliant with California law thereby entitling the class to a finding of liability as a matter of law. The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). Having considered the submissions of the parties and the arguments therein, the motion is DENIED.

### I. Introduction

The plaintiff class is composed of Defendant's hourly employees who delivered and installed Whirlpool appliances in California. An employee team, consisting of a driver with a commercial driver's license and installers, would pick up the appliances from the Penske facility and deliver and install them at off-site locations. Work shifts were of sufficient length to require at least a first meal break and could be of sufficient length to require a second meal break.

The employees worked in the field without direct supervision. Although they could report breaks to dispatch, they were not required to do so. Drivers were directed to record meal breaks on the daily dispatch log, but this was not uniformly done. Installers had no means of recording their meal break time. Penske deducted 30 minutes from each employee's shift in the expectation the employee exercised his right to take a 30-minute duty-free, uninterrupted meal break during his shift. Penske did not set specific meal break times in the daily delivery schedules, but left it to the employees' discretion.

Plaintiffs assert that (1) the absence of a policy of providing class members meal breaks "before the end of the fifth hour of their shift" and (2) a policy "for second meals to be taken after the end of ten hours, not before the end of the tenth hour," did not comply with California law, making Penske liable for untimely meal periods as a matter of law. [Doc. No. 335-1 at 6, 11.][1] Plaintiffs therefore move for summary adjudication of liability on their class claim of meal break violations.

## II. Summary Adjudication Standard

 Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The standards and procedures for granting summary adjudication are the same as those for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. The court must view the evidence in the light most favorable to the non-movant

and draw all reasonable inferences in the non-movant's favor. *Matsushita Elec. Inds. Co. Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. The California Meal Break Law

California Labor Code § 512(a) requires a 30-minute meal break for employees who work a period longer than five hours. A second 30-minute meal break is mandated if the employees work for a period longer than ten hours. The California Supreme Court has interpreted these provisions as "requiring a first meal period no later than the start of an employee's sixth hour of work" and "a second meal period after no more than 10 hours of work in a day, i.e., no later than what would be the start of the 11th hour of work." *Brinker Rest. Corp. v. Superior Court*, 53 Cal.4th 1004, 1041–42, 139 Cal.Rptr.3d 315, 273 P.3d 513 (2012).

Similarly section 11 of California Industrial Welfare Commission Order No. 9–2001 (Wage Order No. 9), which regulates wages, hours and working conditions in the transportation industry, states:

(A) No employer shall employ a person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12

---

1. Page references are to the page numbers assigned by CM/ECF to the docket entries.

hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

 "If an employer engages, suffers, or permits anyone to work for a full five hours, its meal break obligation is triggered." *Brinker*, 53 Cal.4th at 1039, 139 Cal.Rptr.3d 315, 273 P.3d 513. That obligation to provide a meal period is satisfied if at the end five hours (or ten hours) the employer "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break and does not impede or discourage them from doing so." *Id.* at 1040, 139 Cal.Rptr.3d 315, 273 P.3d 513. "Bona fide relief from duty and the relinquishing of control satisfies the employer's obligations, and work by a relieved employee during a meal break does not thereby place the employer in violation of its obligations and create liability for premium pay." *Id.*, at 1040–41, 139 Cal.Rptr.3d 315, 273 P.3d 513.

**IV. Discussion**

Plaintiffs argue that Penske violated the meal break provisions by not maintaining a policy that advised class members of their right to take meal periods "before the end of five hours" or "before the end of the tenth hour." [Doc. No. 335-1, at 11.] However, as discussed below, Plaintiffs have not demonstrated that Penske had or uniformly enforced a policy contrary to California law, such that they are entitled to a summary adjudication of liability.

First, the meal break policy advocated by Plaintiffs is not required by law. The required meal period must commence not later than the start of the employee's sixth or eleventh hour, not before the end of five, or ten, hours, as stated by Plaintiffs. The obligation to provide a meal break is not "triggered" until the full five hours has been worked. *Brinker*, 53 Cal.4th at 1039, 139 Cal.Rptr.3d 315, 273 P.3d 513. Consequently, the discovery responses relied upon by Plaintiffs indicating that Penske did not maintain a policy of providing for a meal break "before the end of the fifth hour of the shift" or "at the tenth hour of work" [Doc. No. 335-1, at 12] are not dispositive.

Second, Plaintiffs' argument that Penske had an affirmative duty to advise class members of their meal period rights beyond posting the relevant rules at its terminals is not supported by any cited authority. *See* Cal. Labor Code § 1183(d). Penske fulfilled this obligation by posting Wage Order No. 9 in its terminals, which recites the relevant and correct rule for meal breaks for the class. *See* Penske 30(b)(6) Depo Transcript, 101:1-8 [Doc. No. 341-3 at 8]; *Cole v. CRST, Inc.*, No. 08–1570–VAP (SPx), 150 F.Supp.3d 1163, 1168–69, 2015 WL 9241331, at *4 (C.D.Cal. Dec. 15, 2015).

Third, even if Plaintiffs had articulated the proper meal break timing (at the commencement of the sixth or eleventh hours), Penske was not required to affirmatively set work stoppages for meal breaks in the daily delivery schedule. An employer must provide a reasonable opportunity for the employee to take an uninterrupted 30-minute break and not impede or discourage them from doing so at the end of the fifth and the end of the tenth hour of work. *Brinker*, 53 Cal.4th at 1040, 139 Cal. Rptr.3d 315, 273 P.3d 513. "An employer is not obligated to police or ensure that meal breaks are taken, rather the employer must not prevent employees from taking meal breaks." *Cole*, 150 F.Supp.3d at 1168, 2015 WL 9241331, *3 (citing *Brinker*, 53 Cal.4th at 1040, 139 Cal.Rptr.3d 315, 273 P.3d 513).

These employees were working in the field, free from direct supervision and control. The meal break period requirement is satisfied if the employee has at least 30 minutes, uninterrupted and free from all duty, and can attend to any personal business he may choose. *Brinker*, 53 Cal.4th at 1036, 139 Cal.Rptr.3d 315, 273 P.3d 513. Penske provided evidence that although it did not set a specific time for meal breaks in the daily schedules, it provided for two meal breaks in a 10 to 12 hour shift, and the employees were told to take breaks when they needed them. *See* Penske 30(b)(6) Depo Transcript, 70:10-16, 98:2-8 [Doc. No 341–3 at 5, 7].

Plaintiffs have not demonstrated that a policy that provides for two meal breaks, to be taken at the employees' discretion, is facially invalid under *Brinker*. Although a policy that affirmatively schedules an employee's first meal break after the start of the sixth hour of work or after the start of the eleventh hour of work could violate California law, that is not the case here. Plaintiffs have not provided authority to support their position that a policy that sets no specific, non-compliant time and allows for an employee to take a timely break should be determined to be facially defective.

■ Because the law is not as Plaintiffs argue, the end result here is that there is a question of fact as to whether Penske violated the labor laws with its meal break practices. On the one side, Plaintiffs provide testimony from the named plaintiffs and other class members that they were personally told or discouraged from taking a meal break until their work was completed sometime after the start of their sixth hour of work, or from taking a second meal break at all. On the other side, Penske provided testimony from some deponents indicating that they were not told when to take their meal breaks, or that they were prohibited from taking a timely break. *See* Rios Depo, 57:23-58:9 [Doc. No. 341-5 at 3-4]; Butzloff Depo, 20:24-21:4 [Doc. No. 341-7 at 3-4]. Considering this conflicting testimony in a light most favorable to the non-moving party, the Court cannot find as a matter of law that Penske engaged in a policy or uniform practice of discouraging or prohibiting employees from taking timely meal breaks.

## V. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Partial Summary Judgment of liability for violation for the California meal break law is, therefore, DENIED.

It is **SO ORDERED.**